| | |
|---|---|
| State Of Maine | Superior Court |
| Kennebec, ss. | Civil Action |
| | Docket No. _____ |

David E. Trask, )
Of Skowhegan, Somerset County, )
State of Maine, )
 )
       Plaintiff, )
 )
       v. )
 )
The Town of Madison, )
 )
Somerset County, )
 )
And )
 )
Sheriff Dale Lancaster )
In his personal and official capacities )
 )
       Defendants. )

**Received and Filed**

JAN 0 8 ...

Augusta District Court
Kennebec Superior Court

## COMPLAINT AND DEMAND FOR JURY TRIAL
## AND INJUNCTIVE RELIEF SOUGHT

Plaintiff David Trask complains against Defendants Town of Madison ("Town"), the County of Somerset ("County") and Sheriff Dale Lancaster ("Sheriff") as follows:

1

## Summary Of The Action

1. Despite Plaintiff David Trask's successful career of nearly 30 years as a law enforcement officer with the Town and County, the Sheriff terminated his employment on December 30, 2015, effective immediately and without providing him written or oral notice of the reasons for his termination and without just cause.

## Parties

2. Plaintiff David E. Trask is a resident of Skowhegan, Somerset County, Maine.

3. Defendant Town of Madison is a duly organized entity of local government under Maine law. The Town had in excess of 16 employees during twenty or more weeks of 2015, and it engaged in activity affecting commerce.

4. Defendant Somerset County is a duly organized entity of local government under Maine law. The County had in excess of 35 employees during twenty or more weeks of 2015, and it engaged in activity affecting commerce

5. Defendant Dale Lancaster is the Sheriff of Somerset County and is being sued in his personal and official capacities.

## JURY TRIAL DEMAND

6. Under M.R. Civ. P. 38(b), Plaintiff hereby demands trial by jury on all

issues triable to a jury.

## FACTUAL ALLEGATIONS

7. Plaintiff Trask was hired by the Town as a Reserve Patrol Officer on about January 2, 1985.

8. The Town promoted Plaintiff Trask three times: on about September 10, 1987, to the position of full-time Patrol Officer, in 1991 to the position of Corporal, and in 2002 to the position of Sergeant.

9. The employees of the Town's Police Department were represented by a union for purposes of collective bargaining, and their terms and conditions of employer were established under successive collective bargaining agreements between the union and the Town.

10. Plaintiff Trask had the most seniority of any full time employee in the Town.

11. During June 2015, the Town of Madison voted to contract with the County Sheriff's Department for law enforcement services effective July 1, 2015, rather than continue to operate its own Police Department.

12. The contract between the Town and the County provided for the County to employ the Town's Police Department personnel to provide the contracted-for

law enforcement services.

13. Effective July 1, 2015, the County employed Plaintiff Trask as a Patrol Deputy Sheriff.

14. Plaintiff Trask was not required to apply or interview for the position of Patrol Deputy Sheriff.

15. On and after July 1, 2015, Plaintiff Trask continued to perform the same job duties as he did prior to that date, in the same location and with the same equipment.

16. On and after July 1, 2015, Plaintiff Trask continued to work on cases he had started prior to that date. The County Sheriff's administration reviewed in a supervisory capacity Trask's case activity as a Town employee from prior to July 1, 2015.

17. On December 10, 2015, the Sheriff met with Plaintiff Trask and informed him orally that his employment was terminated effective immediately.

18. In the December 10, 2015 meeting, the Sheriff told Plaintiff Trask that his employment was "not going to work out." The Sheriff also mentioned that he knew that Plaintiff Trask had recently retained an attorney. He stated no reasons for the termination of Plaintiff Trask's employment.

4

19. Chief Deputy Sheriff James Ross and Staff Sergeant Michael Knight were present at the December 10, 2015 meeting.

20. Neither the Sheriff nor any County representative provided Plaintiff Trask with written notice of the termination of his employment or of the reasons for his termination.

## Legal Claims

### (State Law Wrongful Termination Claim)

21. The allegations in paragraphs 1 – 20 are realleged.

22. By virtue of the foregoing, Defendants have terminated the Plaintiff's employment in violation of his rights under 30-A M.R.S.A. §§ 501, 2601, and 2671. As a result, he has suffered and is continuing to suffer professional and personal injuries, including lost wages and benefits, emotional pain and distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to reputation, injury to career, deprivation of professional and career opportunities, and other pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff requests relief as follows:

a. enter declaratory relief that Defendants have unlawfully terminated Plaintiff's employment without just cause;

b. enter injunctive relief ordering Defendants to reinstate Plaintiff to his full-time employment position;

c. award Plaintiff back pay for lost wages and benefits and prejudgment interest thereon and reinstatement, or, in lieu thereof, front pay for future lost wages and benefits;

d. award compensatory and punitive damages in amounts to be determined at trial and prejudgment interest thereon;

e. award Plaintiff his full costs, including reasonable attorney's fees and expert fees; and

f. award such further relief as deemed appropriate.

Date: January 8, 2016

Jeffrey N. Young, Bar No. 3874
Roberta de Araujo, Bar No. 3050
Johnson, Webbert & Young, L.L.P.
160 Capitol Street, P.O. Box 79
Augusta, ME 04332-0079
Tel: 207-623-5110

*Attorneys for Plaintiff*